UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARSH MOTWANI,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH B. EDLOW, et al.,<br><br>Defendants. | Case No. 4:25-cv-11035-KAW<br><br>**ORDER DENYING MOTION TO DISMISS; ORDER DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 9, 17 |

On March 9, 2026, Defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Defs.' Mot., Dkt. No. 9.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Defendants' motion to dismiss.

## I.    BACKGROUND

### A.    Relevant Factual Background

On June 10, 2025, Plaintiff Harsh Motwani, a non-citizen and native of India, invested $800,000 in a new commercial enterprise as part of the Immigrant Investor Program, also known as the Employment-Based Fifth Preference ("EB-5") program, which provides immigrant visas for foreign national investors who invest in a new commercial enterprise that creates at last 10 jobs for American workers. (Compl., Dkt. No. 1 ¶¶ 1, 12, 21.)  In 2022, Congress enacted reforms to the EB-5 program and authorized foreign investors to concurrently file Form I-526E petitions and Form I-485 permanent residency applications if visa numbers were available. (Compl. ¶ 13.)

On June 20, 2025, Plaintiff filed a Form I-526E concurrently with a Form I-485. (Compl. ¶ 22.)  Plaintiff's Form I-526E petition was approved on October 8, 2025. *Id.*  Plaintiff's Form I-485

United States District Court
Northern District of California

remains outstanding, despite the immediate availability of visas from India. (Compl. ¶¶ 23, 29.) As a result, Plaintiff alleges that USCIS has unreasonably delayed adjudication of his application in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 et seq. (Compl. ¶¶ 42-46.)

### B.    Procedural Background

On December 29, 2025, Plaintiff filed the instant complaint alleging three causes of action under the Mandamus Act, APA, and Due Process Clause of the Fifth Amendment, and asks the Court to compel Defendants to adjudicate Plaintiff's I-485 Application. (Compl. ¶ 64.)

On March 9, 2026, Defendants filed a motion to dismiss for lack of subject matter jurisdiction. (Def.'s Mot., Dkt. No. 9.)  On March 16, 2026, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 13.)  On March 23, 2026, Defendant filed a reply. (Def.'s Reply, Dkt. No. 14.)

On March 27, 2026, Plaintiff filed a motion to strike Defendants' due process arguments that he contends were raised for the first time in their reply. (Dkt. No. 17.)  On April 1, 2026, Defendants filed an opposition, in which they argued that they were merely responding to Plaintiff's argument that the due process claim would survive the granting of the instant motion. (Dkt. No. 18 at 2.)

On April 13, 2026, the Court vacated the scheduled hearing and ordered the parties to provide supplemental briefing in light of Magistrate Judge Susan van Keulen's order denying the Government's motion to dismiss in a similar case, *Gao v. Mullin*, et. al., No. 25-cv-01479-SVK (N.D. Cal. Apr. 8, 2026). (Dkt. No. 20.)  On April 22, 2026, Defendants filed a supplemental brief. (Defs.' Br., Dkt. No. 22.)  On April 23, 2026, Plaintiff filed a supplemental brief in response. (Pl.'s Br., Dkt. No. 23.)

Additionally, the parties both filed statements of recent decision to bring to the Court's attention relevant judicial opinions published after the date the opposition and reply were filed pursuant to Civil Local Rule 7-3(d)(2). (Dkt. Nos. 19, 24, 25, 27, 28[1].)

---

[1] The Court notes that Plaintiff's statements of recent decision were accompanied by argument, which is expressly prohibited by the Civil Local Rules. *See* Civil L.R. 7-3(d)(2) ("Such Statement shall contain a citation to and provide a copy of the new opinion without argument."). Accordingly, the Court will not consider the arguments made in those filings.

United States District Court
Northern District of California

## II.    LEGAL STANDARD

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion tests whether a complaint alleges grounds for federal subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

## III.    DISCUSSION

Defendants move to dismiss on the grounds that the Court lacks jurisdiction to hear Plaintiff's claims because the jurisdiction-stripping provision of the Immigration and Nationality Act ("INA") contained in 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of Plaintiff's pace of adjudication claims. (Defs.' Mot. at 4.)  Section 1252(a)(2)(B)(i) precludes judicial review of decisions pertaining to the adjustment of status of nonimmigrant to permanent legal residents pursuant to 8 U.S.C. § 1255. Section 1252(a)(2)(B)(ii), which is at issue here, precludes judicial review of "any other [discretionary] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…."

As an initial matter, it is well established that there is a "presumption favoring judicial review of administrative action" for immigration legislation. *Kucana v. Holder*, 558 U.S. 233, 251 (2010).  The presumption "can only be overcome by 'clear and convincing evidence' of congressional intent to preclude judicial review." *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 222 (2020) (citations omitted).

Defendants correctly assert that the Supreme Court has held that courts may not review

denials of relief, which are discretionary, under Section 1252(a)(2)(B)(ii). (Defs.' Mot. at 4-5 (citing *Patel v. Garland*, 596 U.S. 328, 338-39 (2022).) While Defendants acknowledge that neither the Supreme Court nor the Ninth Circuit have directly addressed whether the jurisdiction-stripping provision extends to pace of adjudication claims, they argue that other circuits have found that it does. *Id.* at 5. Other courts in this district have addressed those same arguments and Defendants' reliance on the same out-of-circuit cases and explained how they were factually inapposite. *See, e.g., Varniab v. Edlow*, No. 25-CV-10602-SVK, 2026 WL 485490, at *7-8 (N.D. Cal. Feb. 20, 2026) (The out-of-circuit cases involved "retrogression hold" policies, which involve a delay until one of a limited number of annual visas became available, rather than delaying final adjudication without a condition precedent.) The Court agrees with the *Varniab* court and declines to adopt the reasoning in the cited out-of-circuit cases.

In opposition, Plaintiff argues that Defendants "conflate[] the discretion to grant or deny an application with the discretion to refuse to issue a decision at all" and that there is no provision of the INA that "specifies that the timing of adjudication is committed to agency discretion." (Pl.'s Opp'n at 1.) The Court agrees.

While the Ninth Circuit has not directly addressed whether the jurisdiction-stripping provision applies to all pace of adjudication claims, courts in this district have overwhelmingly found that it does not. *See, e.g., Varniab v. Edlow*, No. 25-CV-10602-SVK, 2026 WL 485490 (N.D. Cal. Feb. 20, 2026); *Gao v. Mullin*, No. 25-CV-01479-SVK, 2026 WL 948665 (N.D. Cal. Apr. 8, 2026); *Behdin v. Edlow*, No. 26-CV-00566-SVK, 2026 WL 1031079 (N.D. Cal. Apr. 16, 2026); *Narayan v. Edlow*, No. 25-CV-11000-SVK, 2026 WL 1050227 (N.D. Cal. Apr. 16, 2026); *Meschi v. Edlow*, No. 26-CV-01993-AGT, 2026 WL 1157151 (N.D. Cal. Apr. 29, 2026); *Yousefisahi v. Edlow,* No. 25-CV-09728-LJC, 2026 WL 1388704 (N.D. Cal. May 18, 2026). Even after supplemental briefing and considering the orders issued in the Central District of California, upon which Defendants rely, the Court finds no compelling reason to depart from this district's majority viewpoint. Indeed, the Court finds that there is a material difference between reviewing a final order for immigration benefits—which is discretionary and not reviewable—and reviewing whether the Government is performing its mandatory duty to act on an I-485 application, rather

United States District Court
Northern District of California

than delaying such action indefinitely. *See Gao*, 2026 WL 948665, at *3.

Accordingly, the Court fully incorporates the analysis in the Northern District orders listed above in finding that the Court has subject matter jurisdiction over pace of adjudication claims, and, therefore, DENIES Defendants' motion to dismiss.

### IV.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is DENIED.  Defendant shall file an answer with 21 days of this order. The motion for summary judgment is due on September 11, 2026.  The remaining briefing schedule will be in accordance with the scheduling order. (*See* Dkt. No. 4 at 2.)

Finally, Plaintiff's motion to strike (Dkt. No. 17) is DENIED as moot.

IT IS SO ORDERED.

Dated: June 22, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

5